**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Case No. 20-22057-CMB |
| ZAHRA SALARI LAK, | : | Chapter 13 |
| Debtor. | : | |
| | : | |
| MAINLINE CAPITAL, LLC, | : | Related to Doc. No. 48 , 82 |
| Movant, | : | |
| v. | : | |
| ZAHRA SALARI LAK, | : | |
| Respondent. | : | |

**STIPULATION AND CONSENT ORDER**
**RESOLVING OBJECTION OF MAINLINE CAPITAL, LLC**
**TO DEBTOR'S CHAPTER 13 PLAN AND IN LIEU OF RELIEF FROM STAY**

Mainline Capital, LLC ("**Mainline**"), by and through its counsel, Tucker Arensberg, P.C., and with the consent of the Debtor, Zahra Salari Lak, by her counsel, Robert H. Slone, Esq. (together, the "**Parties**"), hereby files this Stipulation and Consent Order resolving the Objection of Mainline Capital, LLC to Debtor's Chapter 13 Plan and in Lieu of Relief from Stay (the "**Objection**"), and in support thereof, the Parties respectfully stipulate as follows:

WHEREAS, on July 8, 2020, (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

WHEREAS, prior to the Petition Date, the Debtor became obligated to Mainline pursuant to a Promissory Note dated April 29, 2011, in the principal amount of $364,000.00 (the "**Note**").

WHEREAS, The Note is secured by a Mortgage Deed and Security Agreement on that certain real property located at 701 S. Olive Avenue, Apartment 1517, West Palm Beach, Florida 33401 (the "**Mortgaged Premises**") that was recorded on May 13, 2011 at Official Records Book 24524, Page 0917 of the public records of Palm Beach County, Florida (the "**Mortgage**").

WHEREAS, as of the Petition Date, Mainline was owed approximately $383,755.79, which arises from a Judgment in Mortgage Foreclosure dated February 10, 2020 (the "**Judgment**") that was entered against the Debtor and in favor of Mainline in the amount of $360,226.86, plus accrued interest and attorney's fees.

WHEREAS, on September 10, 2020, Mainline filed its proof of claim in the amount of $383,755.79 against the Debtor (the "Claim") at Claim No. 9-1 on the Claims Register.

WHEREAS, the Debtor filed her Chapter 13 Plan (the "**Plan**") on August 28, 2020.

WHEREAS, Mainline filed the Objection to the Plan on September 24, 2020, as the Plan fails to pay the Claim, which is now due and owing, in full through the life of the Plan and fails to comply with sections 1322 and 1325 of the Bankruptcy Code.

WHEREAS, Mainline is an over-secured creditor entitled to post-petition interest, attorneys fees and costs.

WHEREAS, Debtor is the sole owner of the Mortgaged Premises, was in substantial default of the Note and Mortgage prior to Mainline's entry of judgment, has no income other than nominal Social Security benefits, and relies on her non-debtor spouse for the money needed to make payments to Mainline,

WHEREAS, the Parties desire to resolve the Objection and have agreed to the terms set forth below.

AND NOW, based upon the foregoing, and with the Parties intending to be legally bound, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Mainline shall hold an allowed secured claim in the amount of $383,755.79 (the "Allowed Claim").

2. The Debtor shall pay the Allowed Claim in full, together with post-petition interest, attorneys fees and costs, on or before July 1, 2021 to Mainline at the following address:

> MAINLINE CAPITAL ACCOUNT REPRESENTATIVE
> ATTN: ACCOUNT NO. 1517-LAK
> 105 NE 1ST STREET
> DELRAY BEACH, FLORIDA 33444

3. Contemporaneously with payment of the Allowed Claim in full to Mainline and on or before July 1, 2021, the Debtor shall pay all delinquent condominium association fees and all delinquent real estate taxes due with respect to the Mortgaged Premises and provide proof of payment to Mainline and Chapter 13 Trustee.

4. Going forward from the date of this Order through the date on which the Allowed Claim is paid in full, the Debtor shall continue to make, and remain current on, all chapter 13 plan payments including but not limited to payments of $3,171 per month to Mainline, condominium association fees, real estate taxes, maintenance fees, insurance premiums, and other expenses related to the Mortgaged Premises as they become due.

5. This Stipulation and Consent Order resolves Mainline's Objection to the Debtor's Plan and is filed in lieu of a motion for relief from the automatic stay.

6. In the event the Debtor fails to comply with the terms of this Stipulation and Consent Order, Mainline shall send a notice of default under the terms of this Stipulation and Consent Order via email to the Debtor at mehranslak@yahoo.com and via postal mail to

ZAHRA SALARI LAK
2154 SOUTH VILLA DRIVE
GIBSONIA, PENNSYLVANIA 15044-7473

and via email to Debtor's counsel at rslone@pulsenet.com, and via postal mail to

ROBERT H. SLONE, ESQ.
MAHADY & MAHADY
223 S. MAPLE AVE.
GREENSBURG, PENNSYLVANIA 15601

giving the Debtor 10 days to cure the default. If the default is not cured within 10 days after the email is sent and the letter is mailed, or the Debtor and/or her counsel agree that the default cannot or will not be cured, Mainline shall file an affidavit of default and a proposed order granting relief from the automatic stay, which may be granted without further hearing by the Court, thereby allowing Mainline to enforce its state-court rights in the property without further notice and/or hearing.

7. Other than change(s) of address for payment and notices, should any such change occur and be filed with this Court, the terms of this Stipulation may not be modified, revised, altered or changed to any extent, without the express written consent of both Mainline and the Debtor.

8. If the Debtor's underlying chapter 13 bankruptcy case is dismissed or converted to a case under chapter 7 of the Bankruptcy Code, this Stipulation shall become null and void, without further Order or hearing, and Mainline shall have the right to enforce its Judgment to the fullest extent of the law without objection or opposition by the Debtor.

9. In the event that Debtor files another bankruptcy petition or becomes a co-Debtor in another bankruptcy case prior to payment in full of Mainline's Allowed Claim, Debtor agrees that the automatic stay shall not apply to or go into effect concerning the Mortgaged Premises or

Mainline and agrees that she will not participate in any action that seeks to impose the automatic stay against the Mortgaged Premises or Mainline.

10. This Court shall retain jurisdiction over this matter to enforce the terms of this Stipulation.

SO ORDERED:

Dated: November 18, 2020

HON. CARLOTA M. BÖHM
CHIEF U.S. BANKRUPTCY JUDGE

FILED
11/18/20 3:26 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

CONSENTED TO BY:

ZAHRA SALARI LAK

/s/ Robert H. Slone                                                   Date: November 17, 2020
Robert H. Slone
MAHADY & MAHADY
223 South Maple Avenue
Greensburg, PA 15601
Phone: 724-834-2990
Email: robertslone223@gmail.com

*Counsel for the Debtor*

/s/ Judith K. Fitzgerald                                              Date: November 17, 2020
Judith K. Fitzgerald, Esquire
Pa. I.D. No. 18110
Maribeth Thomas, Esquire
Pa. I.D. No. 208376
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA 15222
Phone: 412-566-1212
Fax: 412-594-5619
jfitzgerald@tuckerlaw.com
mthomas@tuckerlaw.com

*Counsel for Mainline Capital, LLC*

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-22057-CMB |
| Zahra Salari Lak | Chapter 13 |
|     Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: dric | Page 1 of 2 |
| Date Rcvd: Nov 18, 2020 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 20, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Zahra Salari Lak, 2154 S Villa Dr, Gibsonia, PA 15044-7473 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 20, 2020                        Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 18, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Allison L. Carr | on behalf of Creditor Commonwealth of Pennsylvania Department of Revenue acarr@attorneygeneral.gov |
| Brian Nicholas | on behalf of Creditor THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT INC., ALTERNATIVE LOAN TRUST 2007-1T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1T1 bnicholas@kmllawgroup.com |
| Daniel Philip Jones | on behalf of Creditor Legacy Mortgage Asset Trust 2019-SL1 djones@sterneisenberg.com bkecf@sterneisenberg.com |
| Jeffrey R. Hunt | on behalf of Creditor Township of Hampton & Hampton Township School District jhunt@grblaw.com cnoroski@grblaw.com |
| Jill Locnikar | on behalf of Creditor United States of America Department of the Treasury Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov |
| Jill Manuel-Coughlin | on behalf of Creditor WELLS FARGO BANK N.A. bankruptcy@powerskirn.com |
| Judith K. Fitzgerald | on behalf of Creditor Mainline Capital LLC jfitzgerald@tuckerlaw.com, |

District/off: 0315-2 | User: dric | Page 2 of 2
Date Rcvd: Nov 18, 2020 | Form ID: pdf900 | Total Noticed: 1

judge_judith_fitzgerald@yahoo.com,jrusnack@tuckerlaw.com

Keri P. Ebeck
    on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com

Maribeth Thomas
    on behalf of Creditor Mainline Capital  LLC mthomas@tuckerlaw.com, maribeth.thomas@gmail.com,jrusnack@tuckerlaw.com

Martin A. Mooney
    on behalf of Creditor TD Auto Finance LLC kcollins@schillerknapp.com  lgadomski@schillerknapp.com

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Robert H. Slone
    on behalf of Debtor Zahra Salari Lak robertslone223@gmail.com  rslone@pulsenet.com;G17689@notify.cincompass.com

Robert H. Slone
    on behalf of Attorney Robert H. Slone robertslone223@gmail.com  rslone@pulsenet.com;G17689@notify.cincompass.com

Ronda J. Winnecour
    cmecf@chapter13trusteewdpa.com

S. James Wallace
    on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com  PNGbankruptcy@peoples-gas.com

TOTAL: 15