IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 20-22057-CMB |
| ZAHRA SALARI LAK, | Chapter 13 |
| Debtor. | |
| ZAHRA SALARI LAK, | Related to Doc. Nos. 138 and 145, 147 |
| Movant, | |
| v. | |
| MAINLINE CAPITAL, LLC | |
| Respondent. | |

**STIPULATION AND CONSENT ORDER RESOLVING LIMITED
OBJECTION OF MAINLINE CAPITAL, LLC TO DEBTOR'S MOTION TO DISMISS**

Mainline Capital, LLC ("**Mainline**"), by and through its counsel, Tucker Arensberg, P.C., and with the consent of the Debtor, Zahra Salari Lak, by her counsel, Robert H. Slone, Esq., and with no opposition from the chapter 13 trustee (together, the "**Parties**"), hereby files this Stipulation and Consent Order resolving its Limited Objection to Debtor's Motion to Dismiss, and in support thereof, the Parties respectfully stipulate as follows:

WHEREAS, on July 8, 2020, (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") at the above-captioned case number (the "**Bankruptcy Case**");

WHEREAS, prior to the Petition Date, the Debtor became obligated to Mainline pursuant to a Promissory Note dated April 29, 2011, in the principal amount of $364,000.00 (the "**Note**");

WHEREAS, The Note is secured by a Mortgage Deed and Security Agreement on that certain real property located at 701 S. Olive Avenue, Apartment 1517, West Palm Beach, Florida 33401 (the "**Mortgaged Premises**") that was recorded on May 13, 2011 at Official Records Book 24524, Page 0917 of the public records of Palm Beach County, Florida (the "**Mortgage**");

WHEREAS, as of the Petition Date, Mainline was owed approximately $383,755.79, which arises from a Judgment in Mortgage Foreclosure dated February 10, 2020 (the "**Judgment**") that was entered against the Debtor and in favor of Mainline in the amount of $360,226.86, plus accrued interest and attorney's fees;

WHEREAS, on September 10, 2020, Mainline filed its proof of claim in the amount of $383,755.79 against the Debtor (the "**Claim**") at Claim No. 9-1 on the Claims Register;

WHEREAS, the Debtor filed her Chapter 13 Plan (the "**Plan**") on August 28, 2020;

WHEREAS, Mainline filed the Objection to the Plan on September 24, 2020 (the "**Plan Objection**"), as the Plan fails to pay the Claim, which is now due and owing, in full through the life of the Plan and fails to comply with sections 1322 and 1325 of the Bankruptcy Code [Doc. No. 47];

WHEREAS, Mainline is an over-secured creditor entitled to post-petition interest, attorneys fees and costs;

WHEREAS, Mainline and the Debtor reached an agreement to resolve its Plan Objection, which was amended from time to time (the "**Plan Stipulation**"), wherein the Debtor agreed that:

1. Mainline holds an allowed secured claim in the amount of $383,755.79 (the "**Allowed Claim**").

2. The Debtor must pay the Allowed Claim in full, together with post-petition interest, attorneys fees and costs, on or before December 1, 2021.

3. On or before December 1, 2021, the Debtor must pay all delinquent condominium association fees and all delinquent real estate taxes due with respect to the

        Mortgaged Premises and provide proof of payment to Mainline and Chapter 13 Trustee.

4. From the date of the Plan Stipulation through the date on which the Allowed Claim is paid in full, the Debtor shall continue to make, and remain current on, all chapter 13 plan payments including but not limited to payments of $3,171 per month to Mainline, condominium association fees, real estate taxes, maintenance fees, insurance premiums, and other expenses related to the Mortgaged Premises as they become due.

5. If the Debtor fails to comply with the terms of the Plan Stipulation, Mainline shall send a notice of to the Debtor and her counsel. If the default is not cured within 10 days after the email is sent and the letter is mailed, or the Debtor and/or her counsel agree that the default cannot or will not be cured, Mainline will file an affidavit of default and a proposed order granting relief from the automatic stay, which may be granted without further hearing by the Court.

6. If the Debtor's underlying chapter 13 bankruptcy case is dismissed or converted to a case under chapter 7 of the Bankruptcy Code, the Plan Stipulation shall become null and void, without further Order or hearing, and Mainline shall have the right to enforce its Judgment to the fullest extent of the law without objection or opposition by the Debtor.

7. In the event that Debtor files another bankruptcy petition or becomes a co-Debtor in another bankruptcy case prior to payment in full of Mainline's Allowed Claim, Debtor agrees that the automatic stay shall not apply to or go into effect concerning the Mortgaged Premises or Mainline and agrees that she will not participate in any action that seeks to impose the automatic stay against the Mortgaged Premises or Mainline.

WHEREAS, the Court approved the Plan Stipulation on November 18, 2020 [Doc. No. 83];

WHEREAS, on November 23 2020, the chapter 13 trustee filed a Motion to Reconsider the Court's Order approving the Plan Stipulation that remains pending before this Court while the parties attempted to reach a resolution [Doc. No. 90];

WHEREAS, the Debtor filed a Motion to Dismiss the above-captioned bankruptcy case on September 16, 2021 [Doc. No. 138];

WHEREAS, on October 1, 2021, Mainline filed its limited objection to the Debtor's Motion to Dismiss, asserting, *inter alia*, that the Debtor should be barred from refiling a bankruptcy case within one year of the date on which her Motion to Dismiss is granted [Doc. No. 145]; and

WHEREAS, the Parties now wish to resolve the Limited Objection pursuant to the terms set forth below.

AND NOW, based upon the foregoing, and with the Parties intending to be legally bound, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Stipulation and Consent Order resolves Mainline's Limited Objection to the Debtor's Motion to Dismiss.

2. Upon entry of an Order of Court approving this Stipulation and Consent Order, Mainline shall withdraw its Limited Objection.

3. Any Order approving dismissal of this bankruptcy case shall include a one-year bar to a subsequent filing by the Debtor under any chapter of the Bankruptcy Code.

4. Within 10 days of the entry of an Order dismissing this bankruptcy case, the Debtor shall remit two payments of $3,171 to Mainline, representing the monthly mortgage payment due in September 2021 and October 2021.

5. The Debtor shall remit the monthly mortgage payment of $3,171, which comes due in November 2021, December 2021, and January 2022, to Mainline on or before the fifth day of each such month.

6. On or before January 31, 2022, the Debtor shall remit to mainline the total outstanding balance due under the Judgment, including accrued interest, all attorney's fees incurred by Mainline with respect to this Bankruptcy Case, and costs. Mainline shall not grant any further extensions of this deadline.

7.  All payments due to Mainline pursuant to paragraphs 4 through 6 of this Stipulation and Consent Order shall be made to Mainline at the following address:

> MAINLINE CAPITAL ACCOUNT REPRESENTATIVE
> ATTN: ACCOUNT NO. 1517-LAK
> 105 NE 1ST STREET
> DELRAY BEACH, FLORIDA 33444

6.  In the event the Debtor fails to comply with the terms of this Stipulation and Consent Order, Mainline is immediately entitled to enforce its state-court rights with respect to the Mortgaged Premises without further notice, hearing and/or order of court.

7.  Other than change(s) of address for payment and notices, the terms of this Stipulation may not be modified, revised, altered or changed to any extent, without the express written consent of both Mainline and the Debtor.

10. This Court shall retain jurisdiction over this matter to enforce the terms of this Stipulation.

SO ORDERED:

Dated: October 13, 2021

*[signature]* dmr
HON. CARLOTA M. BÖHM
CHIEF U.S. BANKRUPTCY JUDGE

CONSENTED TO BY:

ZAHRA SALARI LAK

*/s/ Robert H. Slone*
Robert H. Slone, Esquire
MAHADY & MAHADY
223 South Maple Avenue
Greensburg, PA 15601
Phone: 724-834-2990
Email: robertslone223@gmail.com

*Counsel for the Debtor*

Date: October 11, 2021

FILED
10/14/21 10:01 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

| | |
|---|---|
| */s/ Judith K. Fitzgerald* | Date:  October 11, 2021 |

Judith K. Fitzgerald, Esquire
Pa. I.D. No. 18110
Maribeth Thomas, Esquire
Pa. I.D. No. 208376
TUCKER ARENSBERG, P.C.
1500 One PPG Place
Pittsburgh, PA  15222
Phone:  412-566-1212
Fax:  412-594-5619
jfitzgerald@tuckerlaw.com
mthomas@tuckerlaw.com

*Counsel for Mainline Capital, LLC*


NOT OPPOSED:

| | |
|---|---|
| */s/ Owen Katz* | Date:  October 11, 2021 |

Owen Katz, Esquire
Office of the Chapter 13 Trustee
Suite 3250, USX Tower
600 Grant Street
Pittsburgh, PA 15219
owenkatz@chapter13trusteewdpa.com

*Chapter 13 Trustee*